UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA WHITE and ROGER WHITE, <br><br> Plaintiffs, <br><br> v. <br><br> KING COUNTY SHERIFF'S OFFICE, et al. , <br><br> Defendants. | CASE NO. 2:23-cv-01761-JHC <br><br> ORDER TO SHOW CAUSE |

This matter comes before the Court *sua sponte*. In their complaint, Plaintiffs allege that:

- They are property owners and reside at a secluded property on a private road in Kent, Washington with their sons Killian and Damon White. Dkt. # 1 at 4.

- On February 7, 2021, at about 2:00 a.m. Defendants Sheriff deputies Tyler Hunt, Jeffrey Petrenchak, Enrico Donaglia, and Steven Minters drove to Plaintiffs' gated driveway, bypassed the gate, and "trespassed on the curtilage contained within." *Id.* at 5.

- A Sheriff's cruiser assigned to Deputy Donaglia (Cruiser 4F68) "conducted an unreasonable search without a warrant inquiring the ownership of Plaintiffs' Dodge Ram truck after entering the curtilage[.]" *Id.* at 6.

ORDER TO SHOW CAUSE - 1

- Defendants called Plaintiffs' son, Killian, on his cell phone and ordered him to exit the home and speak with Defendants. *Id.*

- Defendants "unreasonably seized Killian from Plaintiff's gated property within the curtilage absent of consent from Plaintiffs and without a warrant." *Id.*; *id.* at 18.

- Plaintiffs awoke on the following morning and were informed by son Damon that Killian "went outside to talk to the Defendants and never returned." *Id.* at 6.

- Later that morning, Killian called Plaintiffs and was distressed, which was also distressing to Plaintiffs. *Id.*

Plaintiffs bring claims pursuant to 42 U.S.C. §§ 1983 and 1985, contending that Defendants violated their rights under the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution because of the "unreasonable search and seizure" of their son Killian. *See id.* at 2–3, 14–24. Plaintiffs also allege two causes of action under state law: common law conspiracy (count 5) and negligence (count 6). *See id.* at 25–27.

According to Plaintiffs, the Court has federal question jurisdiction. *Id.* at 2–3; *see* 28 U.S.C. §§ 1331, 1343. The Court may exercise federal question jurisdiction in two situations. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009). First, the Court has jurisdiction if a federal right or immunity is "'an element, and an essential one, of the plaintiff's cause of action.'" *Id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 11 (1983)). And second, "if a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). If a federal court determines that it lacks subject

ORDER TO SHOW CAUSE - 2

matter jurisdiction at any time during a dispute, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Rosales v. United States*, 824 F.2d 799, 803 n.4 (9th Cir. 1987).

To assert a cognizable constitutional claim, a plaintiff must have "standing"; the "question of standing is 'an essential and unchanging part of the case-or-controversy requirement of Article III [of the U.S. Constitution].'" *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992). Standing turns on "whether the particular plaintiff is entitled to an adjudication of the particular claim asserted," *Allen v. Wright,* 468 U.S. 737, 752 (1984), and made up of two considerations: (1) prudential and (2) constitutional, *see Gladstone Realtors v. Village of Bellwood,* 441 U.S. 91, 99 (1979):

> For prudential standing, a "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin,* 422 U.S. 490, 499 (1975).
>
> . . .
>
> To meet an exception to this prudential standing requirement, a plaintiff need demonstrate (1) he has suffered an injury-in-fact that gives him sufficiently concrete interest in the outcome of the suit, (2) a sufficiently close relationship with the third parties, and (3) that it is difficult or impossible for the third parties to assert their own rights. *Powers v. Ohio,* 499 U.S. 400, 410–11 (1991).
>
> For constitutional standing, a plaintiff must also demonstrate three elements: (1) actual and concrete injury-in-fact, (2) a causal connection between defendants' conduct and the injury-in-fact, and (3) likelihood that favorable decision will redress the injury-in-fact. *Lujan,* 504 U.S. at 560–61.
>
> The prudential and constitutional standing inquiries both turn on whether the Plaintiff can allege any "injury-in-fact" that he has suffered as a result of the alleged illegal conduct.

*Lomax v. City of Antioch Police Officers*, No. C 11-02858 CRB, 2011 WL 4345057, at *2 (N.D. Cal. Sept. 14, 2011).

In this case, Plaintiffs assert constitutional claims that stem from Defendants' "search and seizure" of their son on the curtilage of their property.[1]  *See* Dkt. # 1 at 14–28.  "Fourth Amendment rights are personal rights which . . . may not be vicariously asserted." *Moreland v. Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998), *as amended* (Nov. 24, 1998) (quoting *Alderman v. United States,* 394 U.S. 165, 174 (1969)).  Typically, only the person whose Fourth Amendment rights were violated can sue to vindicate those rights, barring certain exceptions such as when "survivors of an individual killed as a result of an officer's excessive force" may assert a claim on that individual's behalf.  *Id.* (citing 42 U.S.C. § 1988(a); *Smith v. City of Fontana*, 818 F.2d 1411, 1417 (9th Cir. 1987)).

For these reasons, the Court ORDERS Plaintiffs to show cause why this matter should not be dismissed for lack of subject matter jurisdiction and demonstrate to the Court why they have standing to bring their claims.  Plaintiffs must file a brief showing cause on or before February 26, 2024.  Defendants may file a response on or before March 1, 2024.  The briefing may not exceed 2,100 words.  The Court also DIRECTS the Clerk of Court to re-note Plaintiffs' Motion to Strike Defendants' Affirmative Defenses (Dkt. # 9) for March 1, 2024.

Dated this 6th day of February, 2024.

John H. Chun
United States District Judge

---

[1] Plaintiffs also appear to assert a claim relating to an "unreasonable search" of their truck related to a "inquiry" of its ownership by Deputy Donaglia, which the Court infers was done by searching the truck's license plate number. Dkt. # 1 at 6.  This does not qualify as a search under the Fourth amendment and the Ninth Circuit has confirmed as much.  *See United States v. Diaz-Castaneda*, 494 F.3d 1146, 1150 (9th Cir. 2007) ("[P]eople do not have a subjective expectation of privacy in their license plates, and that even if they did, this expectation would not be one that society is prepared to recognize as reasonable.").

ORDER TO SHOW CAUSE - 4

ORDER TO SHOW CAUSE - 5