UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELISSA WHITE and ROGER WHITE, | CASE NO. 2:23-cv-01761-JHC |
| Plaintiffs, | ORDER |
| v. | |
| KING COUNTY SHERIFF'S OFFICE, et al., | |
| Defendants. | |

# I

## INTRODUCTION

This matter comes before the Court on self-represented Plaintiffs Melissa and Roger White's Motion to Strike Defendants' Affirmative Defenses. Dkt. # 34. Defendants King County Sheriff's Office, Tyler Hunt, Jeffrey Petrenchak, Enrico Donaglia, Steven Minters, and Mitzi Johanknecht (collectively, Defendants) oppose the motion. Dkt. # 35. The Court has considered the materials filed in support of, and in opposition to, the motion; the rest of the case file; and the governing law. Being fully advised, the Court GRANTS in part and DENIES in part the motion.

ORDER - 1

## II

### BACKGROUND

Plaintiffs seek declaratory and compensatory relief, claiming that Defendants engaged in acts that violated their federal constitutional rights. Dkt. # 29 at 30–31. The amended complaint alleges that, on February 7, 2021, at about 2:00 a.m., King County Sheriff deputies trespassed on the Plaintiffs' curtilage, and called their son Killian White on his cell phone; after answering the call, Killian White exited the home at Defendants' request and deputies arrested him.[1] *Id.* at 5–6. Plaintiffs also allege that while Defendants were on their property, they performed an impermissible electronic search of Plaintiffs' "black Dodge ram truck" by running a search of the license plate to "confirm the location of Plaintiffs' residence." *Id.* at 6, 19, 22; *see* Dkt. # 36 at 2. Plaintiffs contend that Defendants' trespass on the curtilage of their property, and their electronic search of the ownership of Plaintiffs' truck, supports their six causes of action, which include alleged violations of 42 U.S.C. § 1983 and the Fourteenth, Fourth, and Fifth Amendments, Dkt. # 29 at 16–24 (counts one through three); violation of 42 U.S.C. § 1985, *id.* at 24–26 (count four); conspiracy, *id.* at 26–28 (count five); and negligence (count six), *id.* at 28–30.

Defendants answered the amended complaint. Dkt. # 30. Plaintiffs now move to strike Defendants affirmative defenses. Dkt. # 34.

---

[1] Defendants say that Killian White was arrested due to "Felony Domestic Violence charges[.]" Dkt. # 35 at 2. Plaintiffs refute this, contending that "[n]obody has been charged with a Felony, which is irrelevant regardless, [because] there are no claims regarding a seizure[.]" Dkt. # 36 at 2. Records from the Superior Court of Washington for King County show that Killian White was arrested and ultimately pleaded guilty to two counts: (1) assault in the fourth degree – domestic violence (intimate partner) and (2) assault in the fourth degree. *State of Washington v. Killian Gage White*, No. 21-C-01593-2 KNT, Superior Court of Washington for King County, Judgment and Sentence, Non-Felony (Nov. 7, 2023). These convictions are gross misdemeanors. *See* RCW 9A.36.041. If the parties wish to dispute these convictions, or any other relevant criminal allegations against Killian White that are pertinent to this case, they may do so later. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–75 (9th Cir. 2010) ("We . . . hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law.").

# III

## DISCUSSION

Plaintiffs seek to strike all of Defendants' affirmative defenses, *see* Dkt. # 30 at 28–29, contending that Defendants "have submitted fifteen defenses, without any support providing any plausibility to any of them, denying Plaintiffs' any fair notice." Dkt. # 34 at 3. Plaintiffs say that "it is not fair notice to plead a laundry list of defenses in a conclusory fashion and then force Plaintiffs to go to the time and expense of discovering which ones have factual merit. *Id.* at 3 (citing *Grande v. U.S. Bank Nat'l Ass'n*, No. C19-333 MJP, 2020 WL 2063663 (W.D. Wash. Apr. 29, 2020)). Plaintiffs ask the Court to strike these affirmative defenses under a heightened *Twombly/Iqbal* pleading standard. *Id.*; *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Defendants oppose the application of this standard, contending that they need only "state in short and plain terms its defenses to each claim" to give notice of its defenses. Dkt. # 35 at 3 (citing *Chao Chen*, 297 F. Supp. 3d at 1137).

A.    Legal Standards

Because the Ninth Circuit has not adopted a heightened standard for affirmative defenses, and for the reasons discussed in *White v. University of Washington*, the Court declines to adopt Plaintiffs' proffered approach. No. 2:22-CV-01798-TL, 2023 WL 3582395, *4–5 (W.D. Wash. May 22, 2023) ("Simply put, the Federal Rules of Civil Procedure do not contemplate that the pleadings of a complaint be treated the same as an affirmative defense").

A court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

> In deciding a [Federal Rule of Civil Procedure (Rule)] 12(f) motion to strike, a court should not resolve disputed and substantial factual or legal issues. *See Whittlestone, Inc. v. Handi-Craft Co.,* 618 F.3d 970, 973–75 (9th Cir. 2010) ("We ... hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law."). "The function of a

[Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial....*Id.* at 973 (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)).  Rule 12(f) motions to strike are generally disfavored because the motions may be used as delay tactics and because of the strong policy favoring resolution on the merits.  *E.g.*, *Chao Chen v. Geo Grp., Inc.*, 297 F. Supp. 3d 1130, 1132 (W.D. Wash. 2018) (citations and internal quotation marks omitted).

*White*, 2023 WL 3582395, at *2.

Besides striking any "redundant, immaterial, impertinent, or scandalous matter," the district court may also strike an "insufficient defense" from a pleading.  Fed. R. Civ. P. 12(f).  "In responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b).  A party must also "affirmatively state any avoidance or affirmative defense[.]"  Fed. R. Civ. P. 8(c)(1).  "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff *fair notice* of the defense."  *Garcia v. Salvation Army*, 918 F.3d 997, 1008 (9th Cir. 2019) (emphasis added) (quoting *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1023 (9th Cir. 2010), *abrogated on other grounds by Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016) (en banc)).

B.      Affirmative Defenses

     1.      First affirmative defense

Defendants' first affirmative defense is that Plaintiffs have failed to state a claim for relief.  Dkt. # 30 at 28.  Plaintiffs say that the defense is "boilerplate" and "should be stricken as this is not a defense and is reserved for a 12(c) motion."  Dkt. # 34 at 4.  Defendants respond that although "this may also be brought as a FRCP 12(c) motion, it is also reserved as an affirmative defense and may be stricken . . . should discovery establish a claim."  Dkt. # 35 at 4.  Rule

ORDER - 4

12(b)(6) permits a party to assert a defense of failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).

As explained in *White*,

> Failure to state a claim for relief is not an affirmative defense. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *Fish, LLC v. Harbor Marine Maint. & Supply, Inc.*, No. C17-0245, 2018 WL 1792186, at *3 (W.D. Wash. Apr. 16, 2018) (dismissing the defense because "failure to state a claim is not a proper affirmative defense [and instead] should be brought by motion"). . . . On the other hand, FRCP 12(h)(2) explicitly permits this argument to be raised "in any pleading allowed or ordered under Rule 7(a)," which includes an answer to a complaint. *See* Fed. R. Civ. P. 7(a), 12(h)(2); *see also Valley Cmty. Bank v. Progressive Cas. Ins. Co.*, No. C11-574, 2011 WL 1833116, at *3 (N.D. Cal. May 13, 2011) (noting this point).

2023 WL 3582395, at *6.

Accordingly, the Court strikes this first affirmative defense, while noting that Defendants may challenge the legal sufficiency of Plaintiffs' claims in the future under a motion for judgment on the pleadings under Rule 12(f) or other dispositive motion during litigation, if appropriate.

      2.      Second affirmative defense

The second affirmative defense states, "Defendants at all times acted in good faith in the performance of their duties and are therefore immune from suit for the matters charged in Plaintiff's complaint." Dkt. # 30 at 28. Plaintiffs asserts that this is an "insufficient and vague" defense because Defendants have not included any "factual evidence." Dkt. # 34 at 4. Defendants respond that they "have denied the factual allegations that comprise the Plaintiff's claim that King County's agents superseded the U.S. Constitution and instead Answer that King County defendants acted in good faith and therefore are immune for suit." Dkt. # 35 at 4–5.

"Before a motion to strike is granted the court must be convinced that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of

ORDER - 5

circumstances could the claim or defense succeed." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 150 (C.D. Cal. 2022) (quoting *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 561 (C.D. Cal. 2005)).  Because there is a factual and legal dispute about whether qualified immunity renders Defendants immune from suit, and this has been adequately stated in short plain terms in Defendants' amended answer, *see* Dkt. # 30, the Court determines that the second affirmative defense gives fair notice that Defendants plan to dispute this issue.  *See Rosen v. Masterpiece Mktg. Grp., LLC*, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) ("[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice").

   3. Third affirmative defense

  The third affirmative defense states that "[a]ny force utilized by the Defendants was reasonable, necessary, and lawful under the circumstances."  Dkt. # 30 at 28.  Plaintiffs say that this defense is irrelevant, insufficient, and immaterial because "at no time do Defendants state the presence of[,] nor [were] there any exigent circumstances" to justify Defendants' alleged constitutional violations.  Dkt. # 34 at 5.  In response, Defendants say that they have denied Plaintiffs' allegations that King County deputies used unreasonable force or lacked a lawful basis to enter Plaintiffs' property, answering that Defendants' actions were "reasonable, necessary, and lawful."  Dkt. # 35 at 4–5.  The Court agrees; the basic facts of the case are clear from the pleadings and this affirmative defense is stated in short and plain terms, giving fair notice that Defendants plan to dispute the issue of Defendants' use of force.  *See Rosen*, 222 F. Supp. 3d at 802.

   4. Fourth affirmative defense

  The fourth affirmative defense states that "[t]he conduct of the Defendants was privileged and non-tortious."  Dkt. # 30 at 28.  Plaintiffs contend that this defense is "insufficient and

ORDER - 6

immaterial." Dkt. # 34 at 5. Defendants respond that they have denied any factual allegations that "comprise [Plaintiffs'] claim that King County's agents invaded [Plaintiffs'] curtilage causing constitutional injury and instead Answer that the conduct of [] Defendants was privileged and non-tortious." Dkt. # 35 at 5. As discussed above, the basic facts of the case are clear and Defendants' fourth affirmative defense is stated in short and plain terms, giving fair notice that Defendants plan to dispute this issue. *See Rosen*, 222 F. Supp. 3d at 802.

     5.     Fifth affirmative defense

Defendants' fifth affirmative defense says, "Probable cause existed to believe Killian White posed an imminent threat of serious bodily injury to others." Dkt. # 30 at 28. Plaintiffs state that Defendants "provide no exigent circumstances" and contend that *Mincey v. Arizona* supports their position. 437 U.S. 385 (1978). Defendants respond that they have denied certain factual allegations made by Plaintiffs, specifically that Defendants violated Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights. Dkt. # 35 at 5. This defense goes to the heart of a factual and legal dispute, *see In re Honest Co.*, 343 F.R.D. at 150, and is stated in short and plain terms that gives fair notice to Plaintiffs.

     6.     Sixth affirmative defense

The sixth affirmative defense says that Plaintiffs' "claims are barred by qualified immunity and common law immunity and the Deputies are entitled to qualified immunity." Dkt. # 30 at 28. Plaintiffs assert that the Court should strike this defense because "qualified immunity does not cover an unreasonable search of Plaintiffs' [h]ome." Dkt. # 34 at 6. Defendants respond that they have denied any factual allegations that King County deputies "conducted an unreasonable search of Plaintiff[s'] home and instead allege that the officers are entitled to qualified immunity for their actions." Dkt. # 35 at 5. In the motion, Plaintiffs present various cases inapt to the issues presented by the present motion. *See* Dkt. # 34 at 6 (citing *Huskey v.*

ORDER - 7

*City of San Jose*, 204 F.3d 893 (9th Cir. 2000) (appeal of Section 1983 summary judgment order); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982) (discussion of immunity of presidential aid)). As discussed above, the Court may not consider disputed facts or law, and Defendants have provided a short and plain terms that gives fair notice to Plaintiffs.

7. Seventh affirmative defense

Defendants' seventh affirmative defense says that "[a]ll actions of the Defendants herein alleged as negligence, manifest a reasonable exercise of judgment and discretion by authorized public officials made in the exercise of governmental authority entrusted to them by law and are neither tortious nor actionable." Dkt. # 30 at 28. Plaintiffs contend that this defense should be stricken because Defendants "do not provide any essential elements in regard to facts that purport exigent circumstances that support such a claim." Dkt. # 34 at 6. Defendants respond that they have denied the factual allegations of Plaintiffs' claim that the deputies acted with negligence. Dkt. # 35 at 5. As discussed above, Plaintiffs apply an incorrect heightened standard to the pleadings and seek to strike a defense due to a dispute of law and fact. Defendants have provided fair notice.

8. Eighth affirmative defense

Defendants' eighth affirmative defense says that "Plaintiffs' injuries or damage was the result of reasonable and required conduct that was excusable and justifiable." Dkt. # 30 at 28. Plaintiffs assert that this is an insufficient defense because "at no time were actions of Defendants reasonable, justifiable, nor required[.]" Dkt. # 34 at 7. Plaintiffs respond that they have denied the factual allegations and oppose the assertion that the deputies "acted unreasonably and without legal justification." Dkt. # 35 at 5–6. Again, Plaintiffs' request seeks to contest fact and legal questions inappropriate at this stage of litigation.

9. Ninth affirmative defense

Defendants' ninth affirmative defense says that they "affirmatively assert the immunities, privileges and defenses as established under RCW 9A.16.020, RCW 10.31.050, RCW 4.24.210, RCW 5.40.060 and any other applicable statutes." Dkt. # 30 at 29. Plaintiffs contend that this defense is "insufficient and impertinent" because the Washington statutes that Defendants list are "vague" and irrelevant. Dkt. # 34 at 7. Defendants respond that they deny

> the factual allegations that comprise the Plaintiff's claim that King County's agents used unlawful force and have stated that the force was lawful under RCW 9A.16.020. King County Defendants also aver that there is a question of fact as to the defense of intoxication by Killian White under RCW 5.40.060. King County Defendants withdraw the defenses under RCW 10.31.050 and RCW 4.24.210 as inapplicable to this case.

Dkt. # 35 at 6.

As for the remaining two statutes, RCW 9A.16.020 outlines the circumstances in which use of force by a public officer is lawful and RCW 5.40.060 provides the circumstances in which a defense may be alleged when the injured person was under the influence of alcohol or drugs. Recognizing that the higher pleading standard proffered by Plaintiffs does not control, the Court determines that this defense provides "fair notice" that Plaintiffs intend to assert a defense under these two statutes: that the deputies' use of force was lawful and that any alleged liability may be affected by the alleged intoxication of Killian White. At this stage, the Court does not measure the merits of either side, and notes that the issue of immunities and privileges is best resolved through discovery, dispositive motions, or trial. *Whittlestone, Inc.,* 618 F.3d at 973–75 (noting that Rule 12(f) should not be used to resolve substantial factual or legal issues).

10. Tenth affirmative defense

Defendants' tenth affirmative defense states: "Plaintiffs' claimed damages were caused by the criminal and intentional conduct of their son, Killian White, who resided on their

ORDER - 9

property." Dkt. # 30 at 29. Plaintiffs say that this "should be stricken as an insufficient and scandalous defense[,]" contending that deputies entered their home "absent a warrant nor consent and conducted an unreasonable evidentiary search absent any 'exigent circumstances.'" Dkt. # 34 at 7. Defendants respond that they have denied "the factual allegations that comprise the Plaintiff's claim that King County's agents disregarded the U.S. Constitution and instead Answer that Killian White caused the Plaintiff's own damages." Dkt. # 35 at 6. This defense provides fair notice to Plaintiffs and there is a factual and legal dispute over the circumstances of the search of Plaintiffs' truck.

        11.      Eleventh affirmative defense

Defendants' eleventh affirmative defense says that "Plaintiffs' action are barred under the public duty doctrine." Dkt. # 30 at 29. Plaintiffs allege that this is an "insufficient, redundant, and impertinent defense" because "the public duty doctrine does not apply[,] nor does it supersede liability from constitutional damages." Dkt. # 34 at 7. Defendants state that they have denied Defendants' claims that deputies "superseded the U.S. Constitution and instead Answer that King County defendants acted in conformity with the public duty doctrine." Dkt. # 35 at 6. Whether the public duty doctrine applies involve questions of law and fact, and this defense has been pleaded in short and plain terms to provide fair notice to Plaintiffs.

        12.      Twelfth affirmative defense

Defendants' twelfth affirmative defense says that "Plaintiffs' damages, if any, may be barred by their failure to mitigate said damages." Dkt. # 30 at 29. Plaintiffs assert that the Court should strike this defense because Defendants have not included any "factual essential elements of such a claim to put Plaintiffs on notice under the pleading standard." Dkt. # 34 at 8. Defendants state that they have denied the factual allegations underlying Plaintiffs' claim for damages "including compensatory damages for deprivation of Constitutional rights and

remuneration for paralegal costs and instead Answered that Plaintiff failed to mitigate damages." Dkt. # 35 at 6.

Detailed factual allegations are not required—simply "[p]leading enough factual content to identify the factual grounds on which an affirmative defense rests is adequate to provide fair notice" of the affirmative defenses to Plaintiffs and the Court. *See Rosen*, 222 F. Supp. 3d at 802. The basic facts of the case are clear, and this affirmative defense gives fair notice to Plaintiffs that Defendants may argue that Plaintiffs have contributed to their damages by failing to mitigate them.

13.   Thirteenth affirmative defense

The thirteenth affirmative defense says that the "damages claimed by [] Plaintiffs may have been proximately caused or contributed to by the negligence or fault of [] Plaintiffs' and/or [] Plaintiff[s'] son Killian White." Dkt. # 30 at 29. Plaintiffs contend that this "claim is contradictory to [Defendants'] first defense" and "provides no such notice as to support their claim[.]" Dkt. # 34 at 8. Defendants respond that they have denied Plaintiffs' factual allegations and say that "any damage claimed by Plaintiff[s] was caused by the criminal acts of Plaintiff[s'] son Killian White." Dkt. # 35 at 7. There is a dispute regarding the alleged criminal acts of Killian White, *see supra* Section II n.1, and Defendants have provided fair notice.

14.   Fourteenth affirmative defense

Defendants' fourteenth affirmative defense says that "Plaintiffs have failed to identify any custom or policy of defendants causing him any injury." Dkt. # 30 at 29. Plaintiffs assert that, because they did provide such a policy, the Court should strike this defense as "insufficient, redundant, impertinent, and immaterial[.]" Dkt. # 34 at 8 (citing Dkt. # 29 at 15–16 ¶¶ 95–98). Defendants respond that "Plaintiffs have failed to identify a King County Sheriff's Office policy or custom sufficient to allege a *Monell* or other Constitutional claim that is not barred by lack of

ORDER - 11

standing." Dkt. # 35 at 7.  There is a factual or legal dispute underlying this affirmative defense and Defendants provide fair notice.

15.   Fifteenth affirmative defense

The fifteenth affirmative defense states, "King County is not liable for pre-judgment interest because the State of Washington of which King County is a political subdivision, has not consented to such pre-judgment interest." Dkt. # 30 at 29 (citing RCW 4.56.115).  Plaintiffs contend that the Court should strike this defense because it is "insufficient, redundant, and immaterial[.]" Dkt. # 34 at 8.  Defendants respond that "Plaintiffs have claimed multiple bases for Requests for Relief, including renumeration for paralegal training courses and compensatory damages in the amount $49 million." Dkt. # 35 at 7.  Defendants say that they "dispute the factual allegations that support these Requests for Relief and Answer that King County is not liable for pre-judgment interest for any of the damages." *Id.*  There is a factual or legal dispute underlying this affirmative defense and Defendants provide fair notice to Plaintiffs through short and plain terms.

16.   Reservation of rights

Defendants also "reserve the right to amend their answer by adding affirmative defenses, counterclaims, cross claims, or by instituting third party actions as additional facts are obtained through further investigation or discovery." Dkt. # 30 at 29.  Plaintiffs ask the Court to strike this reservation of rights because it is "an attempt to open a door to add more defenses to the record later, which will prolong litigation, increase costs, and does not provide a fair notice to [] Plaintiffs." Dkt. # 34 at 9.  Defendants do not respond.

A reservation of a right is not an affirmative defense, nor do Defendants necessarily fashion this reservation as such.  *See, e.g.*, *Howarth v. Patterson*, No. C19-726, 2019 WL 1901268, at *2 (D. Ariz. Apr. 29, 2019) (striking similar reservation of rights as "not a valid

affirmative defense"); *Jones v. City of Portland*, No. C18-1485, 2018 WL 7078670, at *3 (D. Or. Dec. 21, 2018) ("[A] 'reservation of rights' is not a proper affirmative defense."), *report and recommendation adopted*, 2019 WL 267716 (D. Or. Jan. 17, 2019).  In any case, "[a]lthough Rule 8 requires affirmative defenses to be included in responsive pleadings, absent prejudice to the plaintiff, the district court has discretion to allow a defendant to plead an affirmative defense in a subsequent motion." *Simmons*, 609 F.3d at 1023.

For these reasons, although Defendants do not frame this reservation of rights as a standalone affirmative defense, the Court grants Plaintiffs' motion to strike this portion.

## IV
### Conclusion

Accordingly, the Court GRANTS in part and DENIES in part Plaintiffs' motion.  *See* Dkt. # 34.  The Court STRIKES Defendants' first affirmative defense (Dkt. # 30 at 28) and Defendants' reservation of rights (Dkt. # 30 at 29).

Dated this 31st day of May, 2024.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 13