UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WHITE et al., | CASE NO. 2:23-cv-01761-JHC |
| Plaintiffs, | ORDER |
| v. | |
| KING COUNTY SHERIFF'S OFFICE et al., | |
| Defendants. | |

Before the Court is Plaintiffs' Motion for Leave to File Fifth Amended Pleading. Dkt. # 106. The Court has considered the materials filed in support of and in opposition to the motion, the record, and the applicable law. Being fully advised, the Court GRANTS Plaintiffs' Motion.

"[T]he grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962). But "refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion[.]" *Id.* A "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue

ORDER - 1

prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman*, 371 U.S. at 182.

Given these standards, the Court concludes that Plaintiffs should be granted leave to amend. Although Defendants raise various arguments in their response, *see generally* Dkt. # 107, none speak directly to whether Plaintiffs should be given leave to amend. For example, Defendants argue that Plaintiffs' Motion should be denied because Plaintiffs are attempting to improperly add claims against the individual defendants in their personal capacities in violation of this Court's prior dismissal order. *Id.* at 4. But Plaintiffs' proposed Fifth Amended Complaint does not "add" these claims, as Plaintiffs' Fourth Amended Complaint included these same claims. *See* 2:24-cv-00618-JHC Dkt. # 94. Although this argument may have merit if properly raised by Defendants in a motion to dismiss, it is unresponsive to the amendment issue presently before the Court. Defendants' concerns about Damon White's involvement in the case and improper service, *see* Dkt. # 107 at 5, 7, are similarly unresponsive to Plaintiffs' Motion and instead appear better suited for a motion to dismiss.

Defendants' remaining argument, that this Court should deny Plaintiffs' Motion because it "has been filed incorrectly on the wrong case[,]" Dkt. # 107 at 3, also fails to provide a valid reason for denying leave to amend. As per the Court's May 29, 2025 consolidation order, "[b]oth cases [(2:23-cv-01761-JHC and 2:24-cv-00618-JHC)] are consolidated into cause number 2:23-cv-01761-JHC." Dkt. # 102 at 4. The consolidation order thus clearly consolidated *and* merged the two cases into a single docket. As Plaintiffs filed their motion on the docket for 2:23-cv-01761-JHC, the cause number listed in the consolidation order, Plaintiffs' Motion was filed in the correct case and the Court cannot deny Plaintiffs leave to amend on this ground.

As Defendants present no other arguments in response to Plaintiffs' Motion, and the Court finds no other "apparent or declared reason" as to why Plaintiffs' should be denied leave to

ORDER - 2

amend at this time, *see Foman*, 371 U.S. at 182, the Court GRANTS Plaintiffs' Motion. Plaintiffs may file their amended pleading on or before October 29, 2025.

      Dated this 15th day of October, 2025.

*John H. Chun*
John H. Chun
United States District Judge

ORDER - 3