UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WHITE et al.,

                    Plaintiffs,

          v.

KING COUNTY SHERIFF'S OFFICE et al.,

                    Defendants.

CASE NO. 2:23-cv-01761-JHC

ORDER

Before the Court is Plaintiffs' Motion to Dismiss Plaintiff Roger White.  Dkt. # 139. Plaintiffs request that "Roger White be dismissed from the case without prejudice for his own mental health and wellbeing."  *Id*. at 2.  Defendants do not oppose dismissal.  *See generally* Dkt. # 143.  But they do ask the Court to "direct Roger White to make himself available for a discovery deposition within 45 days from the date of the Court's entry of an order on [this motion]" as a condition of dismissal.  *Id*. at 2–3.

Federal Rule of Civil Procedure 41(a) governs motions for voluntary dismissal of plaintiffs.  Under Rule 41(a), unless the parties stipulate to dismissal or a notice of dismissal is filed before the opposing party serves an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2).

ORDER - 1

"The terms and conditions of dismissal under Rule 41(a)(2) are within the discretion of the district court." *Site 2020 Inc. v. Superior Traffic Servs., LLC*, 2024 WL 5399254, at *5 (D. Mont. Oct. 25, 2024), *report and recommendation adopted*, 2025 WL 1260994 (D. Mont. May 1, 2025) (citing *Hargis v. Foster*, 312 F.3d 404, 412 (9th Cir.2002)).  And courts are instructed to consider the effects of dismissal on the opposing party when fashioning such terms.  *See Fraley v. Facebook, Inc.*, 2012 WL 893152, at *2 (N.D. Cal. Mar. 13, 2012) (collecting cases); *see also Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 921 (9th Cir. 1989) ("The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced or unfairly affected by dismissal.") (citations omitted).

Here, the Court concludes that it is appropriate to dismiss Roger White subject to the condition that he appear for a deposition.  While sensitive to Roger White's wellbeing, the Court does not find it fair for Defendants to lose their opportunity to depose Roger White as a party simply because he did not appear for his scheduled deposition, in violation of his discovery obligations, where such deposition happened to be scheduled just days before the discovery deadline.  It thus does not view Defendants' requested condition as an attempt to "reopen" discovery without compliance with Federal Rule of Civil Procedure 16, *see* Dkt. # 146 at 2, but rather, an attempt to compel Roger White to comply with his pre-existing discovery obligations.  Likewise, the Court finds it unfair to allow Roger White to "'walk away from' [his] discovery obligations" at this point in the case "when [he] may have 'information pertinent to the case [he] initiated and that defendants must continue to defend." *Opperman v. Path, Inc.*, 2015 WL 9311888, at *3 (N.D. Cal. Dec. 22, 2015) (quoting *Alliance For Global Justice v. District of Columbia*, 2005 WL 469593, at *3 (D.D.C. Feb. 7, 2005)).  Accordingly, the Court considers it proper to dismiss Roger White subject to the condition that he fulfills his outstanding discovery obligations.  *See, e.g., id.* at *5 (granting Rule 41 dismissal on the condition that the party

ORDER - 2

provide responses to the written discovery requests already propounded on her); *Gaines v. California Dep't of Corr.*, 2017 WL 11503427, at *2 (E.D. Cal. Sept. 21, 2017), *report and recommendation adopted,* 2017 WL 11503433 (E.D. Cal. Oct. 17, 2017) (granting Rule 41 dismissal on the condition that the party produce discovery responses that were set forth in the court's prior order).

The Court thus GRANTS Plaintiffs' Motion to Dismiss Plaintiff Roger White (Dkt. # 139) on the FOLLOWING CONDITIONS:

(1) Plaintiffs shall make Roger White available for a deposition within 45 days of the entry of this Order.

(2) Within 7 days after Roger White's deposition, Plaintiffs shall provide notice to the Court that they have fulfilled the conditions of dismissal.  Upon such notice, Plaintiff Roger White shall be dismissed from the action without prejudice.

If Plaintiffs do not agree to the Court's conditions, and instead wish for Roger White to proceed as a Plaintiff, they must provide notice to Defendants and the Court within 14 days. Upon receipt of such notice, the Court will accept any motions that Defendants may wish to file on this matter.  The Court also advises that, if Roger White decides to continue as a Plaintiff but refuses to appear for a deposition, the Court is currently inclined to grant a motion to compel his deposition.

Dated this 25th day of February, 2026.

*John H. Chun*

John H. Chun
United States District Judge

ORDER - 3