UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WHITE et al.,

             Plaintiffs,

      v.

KING COUNTY SHERIFF'S OFFICE et al.,

             Defendants.

CASE NO. 2:23-cv-01761-JHC

ORDER

Before the Court is Plaintiffs' Motion for Reconsideration.  Dkt. # 151.

Reconsideration is an "extraordinary remedy" and is generally disfavored.  *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *see also* LCR 7(h)(1) ("Motions for reconsideration are disfavored.").  District courts thus ordinarily deny motions for reconsideration "unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence."  *Munoz v. Locke*, 2013 WL 12177035, at *2 (W.D. Wash. Feb. 8, 2013) (citing LCR 7(h)(1)).  "'[M]anifest error' is 'an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law or the credible evidence in the record.'"  *Id.* (quoting *Black's Law Dictionary* (9th ed. 2009)).  "Mere disagreement with a previous order is an insufficient basis for reconsideration," *id*, and "reconsideration should not be used to ask

ORDER - 1

the Court to 'rethink what it had already thought through—rightly or wrongly.'" *Innovative Sols. Int'l, Inc. v. Houlihan Trading Co.*, 2025 WL 1135037, at *1 (W.D. Wash. Apr. 17, 2025) (quoting *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019)).

Plaintiffs argue that the Court should reconsider its Dismissal Order at Dkt. # 150 because the Court committed two errors—a "*Monell* error" and an "Article I, Section 7 error." *See generally* Dkt. # 151. As for the claimed *Monell* error, Plaintiffs argue that the Court erred by treating Plaintiffs' alleged "custom as legally irrelevant after recognizing the same conduct as a plausible constitutional violation[.]" Dkt. # 151 at 2. But the Court did no such thing. As explained in the Order, pleading a "custom" under *Monell* is different from pleading a plausible constitutional violation. *See generally* Dkt. # 150. And allegations of a single instance of a constitutional violation, or even a few instances of constitutional violations, are not enough to plead a *Monell* claim where, as here, the plaintiff fails to identify a specific custom or policy behind the violations. *See Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy."); *see also Monell v. Dept. of Soc. Serv. of N.Y.*, 436 U.S. 658, 691 (1978) (For liability to attach under § 1983, the practices of state officials must be "persistent and widespread[,]" and "so permanent and well settled[,] as to constitute a 'custom or usage' with the force of law.").

The Court also does not find that Plaintiffs are entitled to further amendment for their *Monell* claims. Despite the leniency afforded to pro se parties, "a pro se plaintiff does not enjoy unlimited opportunities to amend [their] complaint." *Whitney v. City of Tacoma*, 2019 WL 7584279, at *6 (W.D. Wash. Dec. 19, 2019), *report and recommendation adopted,* 2020 WL 230963 (W.D. Wash. Jan. 14, 2020), *aff'd,* 2021 WL 4844215 (9th Cir. Oct. 18, 2021). And

where, as here, "a pro se party fails to cure deficiencies that the court has previously identified, the court may order dismissal without leave to amend." *Id*. The Court thus finds no manifest error in its dismissal of Plaintiffs' *Monell* claims.

As for the claimed Article I, Section 7 error, Plaintiffs argue that the Court erroneously applied a damages standard to conclude that they lacked a cause of action to bring their claim when instead, it should have applied a declaratory judgment standard. But Plaintiffs misunderstand the Court's ruling. As explained in the Order, *see* Dkt. # 150 at 23 n.18, a party cannot bring an action in federal court if they lack a cause of action to support that claim. Washington's recognition of a declaratory judgment action in state courts under Article I, *Section 11* of the Washington State Constitution does not change this analysis, as Plaintiffs still cannot assert a claim in this Court if they lack an underlying cause of action for the claim. Although the Court acknowledges that a different court could perhaps conclude that a cause of action exists for declaratory relief under Article I, Section 7 based on the Article I, Section 11 cases cited in *Henry v. Washington Dep't of Fish & Wildlife*, 35 Wash. App. 2d 1013 (2025), such a ruling is certainly not mandated by the controlling law. So the Court did not commit "manifest error" in dismissing this claim. *See Munoz*, 2013 WL 12177035, at *2.

Because Plaintiffs have not showed "manifest error in the ruling," or "facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence[,]" the Court finds no basis to grant reconsideration. *See id*. Accordingly, Plaintiffs' Motion for Reconsideration (Dkt. # 151) is DENIED.

Dated this 12th day of March, 2026.

John H. Chun
United States District Judge

ORDER - 3