UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MELISSA WHITE, et al. )
) No. 2:23-cv-01761-JHC
Plaintiffs, )
)
vs. ) ORDER
)
KING COUNTY SHERIFF'S OFFICE, et al. )
)
Defendants. )
)

THIS MATTER comes before the Court on pro se Plaintiff Melissa White's "Motion for Certification of Partial Final Judgment Under Fed. R. Civ. P. 54(b)." Dkt. # 155. The Court has considered the materials filed in support of and in opposition to the motion, the rest of the file, and the governing law. Being fully advised, the Court ORDERS as follows:

The Ninth Circuit has warned that Federal Rule of Civil Procedure 54(b) "should be used sparingly." *Gausvik v. Perez*, 392 F.3d 1006, 1009 n.2 (9th Cir. 2004). "The rule was not meant to displace the historic federal policy against piecemeal appeals." *Id.* (citation and quotation omitted). "Judgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced

ORDER
[No. 23-cv-01761-JHC] - 1

by pressing needs of the litigants for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981).

The Court concludes that application of this balancing test weighs against entering a Rule 54(b) judgment.  The remedies sought and the commonality of facts between the claims that would be at issue on appeal and the claims that would remain at the trial court level forecloses any conclusion that there is "no just reason for delay."  *See* Fed. R. Civ. P. 54(b).

Thus, the Court DENIES the motion.[1]

DATED this 6th day of April, 2026.

_____
JOHN H. CHUN
UNITED STATES DISTRICT JUDGE

---

[1] The Court need not reach the parties' motions to strike – granting or denying either of them would not affect the conclusion of this Order.

ORDER
[No. 23-cv-01761-JHC] - 2