UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

WHITE et al.,

                Plaintiffs,

        v.

KING COUNTY SHERIFF'S OFFICE et al.,

                Defendants.

CASE NO. 2:23-cv-01761-JHC

ORDER

        Before the Court is "King County Defendants' Motion for Discovery Sanctions under FRCP 37" (Dkt. # 159) and "King County Defendants' Motion for Relief from 5/26/26 Dispositive Motions Deadline and Stay of Remaining Case Deadlines" (Dkt. # 168).  For the reasons below, the Court GRANTS IN PART and DENIES IN PART both motions.

        Defendants' motions both essentially argue the same thing: Defendants are entitled to relief because Roger White has failed to appear for a deposition, in violation of his discovery obligations and this Court's Order at Dkt. # 149.  *See generally* Dkt. ## 159 & 168.  The Court agrees with this general premise, as it is undisputed that Roger White: (1) was obligated to appear for a deposition; (2) failed to appear for a deposition; and (3) has expressed continued refusal to attend his deposition, despite his discovery obligations and this Court's prior order.

ORDER - 1

*See generally* Dkt.  The Court, however, disagrees with the precise forms of relief that Defendants seek.

In their motions, Defendants request discovery sanctions under Federal Rule of Civil Procedure 37.  *See generally* Dkt. ## 159 & 168.  Specifically, Defendants request that the Court: (1) enter an order finding both Roger White and Melissa White in violation of the Order at Dkt. # 149 and their discovery obligations; (2) enter an order directing Plaintiffs to show cause as to why this case should not be dismissed in its entirety based on these violations; (3) stay the current dispositive motions deadline—May 26, 2026—until 45 days after the deposition of Roger White has taken place; and (4) strike all remaining case deadlines.  *See* Dkt. # 159 at 8; *see also* Dkt. # 168 at 3.  Alternatively, Defendants request that the Court enter an order compelling the deposition of Roger White to be taken within 45 days, with a warning that if Roger White does not complete the deposition, the Court will dismiss the entire case.  Dkt. # 159 at 8.

Under Rule 37, a court may order sanctions if a party fails to appear for their own deposition.  *See* Fed. R. Civ. P. 37(d).  Such sanctions may include: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; [and] (vi) rendering a default judgment against the disobedient party[.]"  Fed. R. Civ. P. 37(b)(2)(A).  The Rule also provides that, "[i]nstead of or in addition to these sanctions, the court *must* require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust."  Fed. R.

ORDER - 2

Civ. P. 37(d)(3) (emphasis added).  And in the Ninth Circuit, a district court "has broad discretion regarding the type and degree of discovery sanctions it may impose pursuant to Rule 37 and can impose any sanction it sees as just." *Jensen v. BMW of N. Am., LLC*, 331 F.R.D. 384, 386 (S.D. Cal. 2019); *see also Ritchie v. United States*, 451 F.3d 1019, 1026 (9th Cir. 2006) ("District Courts have broad discretion in imposing discovery sanctions.").

Here, the Court agrees that Defendants are entitled to Rule 37 sanctions.  But it disagrees with Defendants' request for dismissal of the entire case.  Although the Court finds that it may sanction Roger White for his conduct, it does not find it proper to impose sanctions on Melissa White at this time, as Defendants have not shown that she is responsible for Roger White's discovery violations, that she has flagrantly violated the Court's Order at Dkt. # 149, or that she has otherwise disregarded her discovery obligations.  *See generally* Dkt.  Likewise, Melissa White's status as Roger White's spouse and co-plaintiff, while obviously pertinent to the trajectory of this lawsuit, is legally insufficient to warrant the harsh remedy of dismissal for her claims as well.  The Court thus declines to dismiss Melissa White's claims based on Roger White's failure to attend his deposition.

Nevertheless, the Court does find that Defendants are entitled to Rule 37 sanctions against Roger White.  It thus exercises its discretion to award the sanctions that it views as just given the circumstances.  Accordingly, the Court: (1) DISMISSES Roger White from the case with prejudice, *see* Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Dkt. ## 139 & 149; (2) ORDERS Roger White to pay the reasonable expenses, including attorney fees, caused by his failure to appear for his deposition, *see* Fed. R. Civ. P. 37(d)(3); and (3) ORDERS Roger White to appear for a deposition within 45 days or, in the alternative, AUTHORIZES Defendants to move for an order designating certain facts pertaining to Roger White as established for the purposes of this

ORDER - 3

action and/or to prohibit Melissa White from introducing certain matters pertaining to Roger White in support of her claims, *see* Fed. R. Civ. P. 37(b)(2)(A)(i)–(ii).

Further, as there is no clear timeline for resolution of this problem, the Court finds good cause to stay all existing case deadlines. Accordingly, the Court STAYS the dispositive motions filing deadline until 45 days after the deposition of Roger White or until 45 days after the Court resolves the sanctions motion authorized above, whichever occurs. It also STAYS all existing case deadlines, pending resolution of this discovery issue. Defendants' Motions are otherwise DENIED.[1]

Dated this 15th day of May, 2026.

John H. Chun
United States District Judge

---

[1] The Court also acknowledges the parties' requests to strike certain materials from the record, including certain new arguments raised by Defendants in their filing at Dkt. # 166 and certain statements made by Melissa White in her filing at Dkt. # 165. *See* Dkt. ## 166 at 6–7; 167 at 1–2. But because these materials are irrelevant to the resolution of the instant dispute, the Court disregards them. *See Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief."); *see also Binh v. Long Prairie Project Invs. LLC*, 2025 WL 254902, at *1 n.3 (W.D. Wash. Jan. 21, 2025) ("Rather than strike this material, the Court will disregard it for purposes of the instant motion.").

ORDER - 4